OPINION
{¶ 1} Suleman M. Warsame is appealing from his convictions for two counts of felonious assault and one count of aggravated robbery. He assigns four errors for our consideration:
 [I.] The trial court erred by allowing admission of an unauthenticated tape purported to be of appellant apologizing to the victim for the offense.
 [II.] The trial court erred by preventing appellant from examining various witnesses concerning possible ethnic bias by the victims against him, and concerning possible bias due to a personal relationship between appellant and one of the victim's ex-girlfriends. *Page 2 
 [III.] Trial counsel rendered ineffective assistance in not renewing a motion in limine regarding testimony concerning and playing of a tape recording and in not objecting to the introduction [of] that tape into evidence, resulting in the denial of the right to a fair trial and the right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution as well as Article One, Section Ten of the Ohio Constitution.
 [IV.] The trial court erred in allowing the State to offer highly prejudicial testimony regarding appellant's and his families employment situations and living arrangements under the guise of it being evidence of his motive to commit robbery.
 {¶ 2} In the early morning hours of March 12, 2006, Maye Hersi and Mohamed Jamal were assaulted in the parking lot of the Midnight Café, a coffee shop in Columbus, Ohio. Mr. Hersi claimed that the men involved in the assault also took money from one of the men. The issue at trial seems to have been who assaulted Mr. Hersi and Mr. Jamal, not did the assaults occur.
 {¶ 3} The defense attempted to demonstrate that the identification of Suleman Warsame was the product of bias, prejudice and a past history with one of the men assaulted. The defense also attempted to cast doubt on the weight and admissibility of some of the State's evidence, especially a tape recording which purported to be Suleman Warsame calling to apologize to one of the victims.
 {¶ 4} Turning to the individual assignments of error, while the trial was proceeding, the prosecution advised the court that it had received a tape recording from Maye Hersi which purported to be a recording of Suleman Warsame calling to apologize to Maye Hersi for the crimes. The court was also advised that Suleman Warsame's mother had called Mr. Hersi earlier to attempt to pay money in return for the charges *Page 3 
going away and also to apologize. On the tape, the caller identified himself as "Suleman."
 {¶ 5} Defense counsel made a motion in limine as to the tape recording purportedly of Suleman Warsame's mother. The motion in limine did not ask to block use of the tape of Suleman.
 {¶ 6} When Maye Hersi testified, he indicated, without defense objection, that he returned a telephone call to Suleman Warsame's mother, only to have Suleman himself answer the telephone and apologize for the assault.
 {¶ 7} Later, the tape recording somehow got partially erased and the portion where Suleman purportedly identified himself as "Suleman" was deleted. A police detective testified that the now deleted portion had included the self-identification. Defense counsel acknowledged that a portion of the tape which counsel had heard earlier and had played for his client was now deleted. Defense counsel then objected for the first time to the tape recording being admitted. Statements from the prosecution indicated that the recorder may have been in defense counsel's hands when the deletion occurred. Ultimately, the tape recording was admitted.
 {¶ 8} Evid.R. 901, concerning authentication, provides in pertinent part as follows:
 (A) General provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
 (B) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
 * * *
 (6) Telephone conversation. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (a) in the case of a person, circumstances, *Page 4 
including self-identification, show the person answering to be the one called * * *
 {¶ 9} Here, the trial court was well within its discretion to admit the tape into evidence under the circumstances. Maye Hersi called the telephone number for Suleman Warsame's mother. A male who identified himself as "Suleman" answered the phone and apologized for the assault. Maye Hersi had clearly identified Suleman Warsame as the primary person who assaulted him. "Suleman" apologized for the assault. The trial court could clearly find that the person who answered the telephone and was recorded was the same person who was on trial for the assault.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} The third assignment of error contains common issues with the first. In the third assignment of error, appellate counsel argues that trial counsel rendered ineffective assistance of counsel under theSixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by not making additional objections to the playing of the tape recording before the jury and to the admission of the tape into evidence.
 {¶ 12} The standard for assessing whether counsel has rendered effective assistance is set forth in Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. The standard is one which is relatively easy for trial counsel to meet. Trial counsel's conduct must have so undermined the proper functions of the adversarial process that the trial cannot be relied upon as having produced a just result. Here, defense counsel at trial provided services which exceeded what is required for effective assistance of counsel. *Page 5 
 {¶ 13} Maye Hersi had consistently asserted that Suleman Warsame was the person who had assaulted him. Maye Hersi had provided the name to police and had identified Suleman Warsame from a photo array. Maye Hersi identified Suleman Warsame in open court. The outcome of the trial would have been the same whether or not the tape recording was played for the jury and admitted into evidence.
 {¶ 14} The third assignment of error is overruled.
 {¶ 15} The second assignment of error asserts that the trial court erred in limiting the cross-examination and presentation of the testimony as the issue of ethnic bias among and between different tribal groups from Somalia. The assignment of error also complains of limitations upon the development of evidence about personal bias between Suleman Warsame and one of the victims resulting from a past girlfriend they had in common.
 {¶ 16} As a general rule, cross-examination should be permitted on a wide variety of topics which could demonstrate bias, prejudice or mistake in identification. See Evid.R. 611(B) and 616(A). In addition, well-established rules of evidence permit the trial court to exclude evidence if its probative value is outweighed by other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury.
 {¶ 17} In the present case, the trial court limited cross-examination because Mohamed Jamal displayed no knowledge of friction between different tribes in Somalia, having left the country when he was 15-years old and having no knowledge of the tribal affiliation of the defendants and other witnesses. Similarly, the trial court refused some of the cross-examination of Maye Hersi because the fighting in Somalia was too remote, Mr. *Page 6 
Hersi having arrived in the United States 15 years earlier. The trial court did allow testimony that Mohamed Jamal and Suleman Warsame came from different tribes.
 {¶ 18} The trial court was well within its discretion to limit cross-examination on the issue of tribal friction in Somalia under the circumstances.
 {¶ 19} The trial court allowed limited questions about the fact that both Suleman Warsame and Mohamed Jamal had dated the same woman, Asha Ali, for a period of time. However, the trial court appropriately limited the bias inquiry into how long Mohamed Jamal dated the woman. The testimony was simply not relevant.
 {¶ 20} The second assignment of error is overruled.
 {¶ 21} In the fourth assignment of error, appellate counsel for Suleman Warsame asserts that the trial court allowed highly prejudicial testimony to be admitted into evidence. One question asked if Suleman Warsame was employed. A police officer testified, without objection, that Suleman Warsame was unemployed.
 {¶ 22} Later in the trial, the prosecution indicated that it wanted to argue that a co-defendant was also unemployed and that the fact they were unemployed was a motive for robbing one of the men. Counsel for Suleman Warsame had little input to this argument between the prosecution and counsel for the co-defendant.
 {¶ 23} Later an objection came from defense counsel about a question of whether Suleman Warsame's mother worked. Suleman Warsame testified that she did not. An objection was made about the question and the objection was overruled.
 {¶ 24} Here, Suleman Warsame argues the prosecutor cross-examined him regarding how many packs of cigarettes he smoked, whether he had a driver's license, a car, and a cell phone, what kind of home he lived in and with how many people. Defense *Page 7 
counsel objected, arguing the testimony was irrelevant and unduly prejudicial. The prosecution argued that given his lack of employment, the evidence of Suleman Warsame's lifestyle was relevant to show motive for the robbery. Generally, evidence of a character trait of the accused is not admissible unless the defendant first opens the door to such evidence. Evid.R. 401(A)(1); State v. Sieng (Dec. 30, 1999), Franklin App. No. 99AP-282.
 {¶ 25} The question about Suleman Warsame's employment must be addressed under a plain error standard. The admission of question and answer was not plain error because it was not a significant factor in the guilty verdict.
 {¶ 26} The question about Mr. Warsame's lifestyle, the employment status of a co-defendant and of Suleman Warsame's mother was of minimal or no relevance, could not have affected the trial's outcome, and therefore could not be prejudicial error. However, the prosecution must be aware that repeated references to a defendant's living arrangements particularly in a cross-cultural situation may encourage the jury to convict a defendant on an improper basis. See id.
 {¶ 27} The fourth assignment of error is overruled.
 {¶ 28} All four assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and BROWN, JJ., concur. *Page 1